

FILED
SEP 21 2006

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| TERRENCE M. BAKER, | \* | CIV 06-4096 |
| Plaintiff, | \* | |
| -vs- | \* | MEMORANDUM OPINION |
| | \* | AND ORDER |
| SCIENCE APPLICATIONS INTERNATIONAL CORPORATION, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant filed a Motion for Order Staying Action Pending Arbitration and Compelling Arbitration, Doc. 6. Plaintiff requests that Defendant's motion be denied, or in the alternative, he filed a Motion to Conduct Limited Discovery, Doc. 9. The motions have been fully briefed. For the reasons set forth below, Defendant's motion will be granted and Plaintiff's motion will be denied.

## BACKGROUND

Plaintiff brought this action under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 (as amended), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 (as amended), and the Family Medical Leave Act of 1990, 29 U.S.C. § 2611 *et seq.* This action arises out of Plaintiff's employment and termination as a software engineer at the United States Geological Survey Earth Resources Observation and Science Data Center ("EROS") in Sioux Falls, South Dakota. Throughout Plaintiff's tenure at EROS, several government contractors operated the facility, but the basic work and employee pool at EROS stayed the same through each transition. Plaintiff worked at EROS from 1981 until his termination by the Defendant on June 1, 2005.

Defendant is a Delaware Corporation that is in the business of technology development and analysis, eSolutions, computer system development and integration, technical support services, and

computer hardware and software products. In November 2002, Defendant was awarded the contract to operate EROS.

On October 30, 2002, Plaintiff was hired by the Defendant. During the hiring process, Defendant presented to Plaintiff and all other persons working at EROS a Mutual Agreement to Arbitrate Claims ("Arbitration Agreement"). Plaintiff signed the Arbitration Agreement, which was a two-page document. By signing the Arbitration Agreement, Plaintiff agreed to arbitrate "claims for discrimination" and "claims for violations of any federal ... law, statute, regulation or ordinance," against Defendant. (Doc. 7, Ex. A.)

Pursuant to the Arbitration Agreement, the Defendant seeks an Order compelling Plaintiff to submit his claims to arbitration and staying this action pending such arbitration. Objecting to the motion, Plaintiff contends the Arbitration Agreement is a contract of adhesion. He also contends there was no consideration for entering the Arbitration Agreement and it is, thus, not enforceable.

## DECISION

Defendants rely on the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, which compels judicial enforcement of valid arbitration agreements. *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985). Arbitration is required if a valid agreement exists and the dispute falls within the scope of the agreement. *Lyster v. Ryan's Family Steak Houses, Inc.,* 239 F.3d 943, 945 (8th Cir.2001). There is a strong presumption favoring arbitration, *Nordin v. Nutri/System, Inc.,* 897 F.2d 339, 344 (8th Cir. 1990), but "[a] party who has not agreed to arbitrate a dispute cannot be forced to do so." *PCS Nitrogen Fertilizer, L.P. v. Christy Refractories, L.L.C.,* 225 F.3d 974, 977 (8th Cir. 2000). It is for the court to decide whether an agreement to arbitrate is valid. *Barker v. Golf U.S.A., Inc.,* 154 F.3d 788, 791 (8th Cir. 1998) (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 403-04 (1967)). The validity of an arbitration agreement is determined by reference to state law, *Barker,* 154 F.3d at 791, so South Dakota contract law controls the issue of validity of the arbitration agreement in this case.

The Court will first address whether a valid contract to arbitrate was formed. The essential elements of a contract are: "(1) Parties capable of contracting; (2) Their consent; (3) A lawful object; and (4) Sufficient cause or consideration." SDCL § 53-1-2 (2004); *see Mueller v. Cedar Shore Resort, Inc.*, 643 N.W.2d 56, 70 (S.D. 2002). Plaintiff does not dispute that he signed the Arbitration Agreement. Rather, he contends it was a contract lacking consideration. The other elements for formation of a contract are not disputed by Plaintiff.

Plaintiff was employed at EROS before Defendant obtained the government contract to operate EROS. He asserts that one of the conditions imposed upon private companies bidding for the EROS contract was that current EROS employees be retained in their current positions at the facility. But such an agreement does not prohibit Defendant from altering the terms and conditions of its employment of such employees. Plaintiff states his "continued employment at [EROS] was conditioned upon my signing all the paperwork [the Defendant] presented to me as it assumed the [EROS] contract." (Doc. 11.) Thus, Defendant offered employment at EROS to Plaintiff on the condition that he sign the Arbitration Agreement, among other terms.

While the parties have not cited and the Court did not locate a South Dakota case directly on point, the Court finds that there was sufficient consideration for the Arbitration Agreement. Plaintiff admits his employment with Defendant was conditioned on his consent to the Arbitration Agreement. (Doc. 11.) Thus, Defendant offered Plaintiff employment at EROS under Defendant's newly obtained contract in exchange for Plaintiff's waiver of his right to pursue, in a court of law, discrimination claims and other claims based upon federal law. Plaintiff is not left without a remedy for such claims. Rather, he agreed to submit such claims to arbitration as a condition of his employment by Defendant.

The second aspect of Plaintiff's resistence to Defendant's motion is that the Arbitration Agreement is a contract of adhesion and should not be enforced. In response to an argument that "there will often be unequal bargaining power between employers and employees," the Supreme Court held that, "[m]ere inequality in bargaining power, however, is not a sufficient reason to hold

that arbitration agreements are never enforceable in the employment context." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32-33 (1991). Although Defendant obtained the government contract to operate EROS and Plaintiff had to agree to Defendant's terms and conditions of its offer of employment to continue working there, Plaintiff is not an unsophisticated employee. He was a software engineer who had worked at EROS since 1981. Plaintiff does not argue that he was incapable of reading and understanding the Arbitration Agreement. While Plaintiff states he had no choice but to work for Defendant, Plaintiff had the option of declining employment with Defendant and seeking employment elsewhere.

Citing to *Rozeboom v. Northwestern Bell Tel. Co.*, 358 N.W.2d 241 (S.D. 1984), Plaintiff asks the Court to find the Arbitration Agreement is a contract of adhesion. The Court does not find the contract in *Rozeboom* analogous to the Arbitration Agreement. The provision in the contract at issue in *Rozeboom* was a limitation of liability clause, rather than an agreement to arbitrate. *See id.* at 242. It limited the plaintiff's damages to the amount he had paid for a Yellow Pages advertisement. *See id.* In this case, there is no limitation of Plaintiff's damages. Rather, the subject of the contract at issue here is the forum in which his employment-related claims will be resolved. Moreover, there is a national policy favoring arbitration, but there is no such policy favoring limitation of liability clauses. Although Plaintiff did not have equal bargaining power with Defendant, the Supreme Court has ruled that lack of equality is insufficient as a matter of course to hold that arbitration agreements are not enforceable in the employment context. There is no showing here of fraud or overwhelming economic power that would warrant relief. *See Gilmer*, 500 U.S. at 32-33. Nor is there any basis shown for revocation of contract. *See Thunderstick Lodge, Inc. v. Reuer*, 585 N.W.2d 819, 822 (S.D. 1998). The Court does not find the Arbitration Agreement was a contract of adhesion and finds no other basis for invalidating the Arbitration Agreement. Thus, Defendant's motion will be granted.

The facts upon which the Court finds the Arbitration Agreement valid and enforceable are not in dispute. Moreover, it is clear that Plaintiff's claims in this action fall within the scope of the agreement. Thus, discovery is unnecessary to resolve the issue of whether the Arbitration Agreement

is enforceable against Plaintiff, and Plaintiff's Motion to Conduct Limited Discovery will be denied. Accordingly,

    IT IS ORDERED:

1. That Plaintiff's Motion to Conduct Limited Discovery, Doc. 9, is denied.

2. That Defendant's Motion for Order Staying Action Pending Arbitration and Compelling Arbitration, Doc. 6, is granted.

3. That Plaintiff shall submit his claims in this action to arbitration pursuant to the Mutual Agreement to Arbitrate Claims (Doc. 7, Ex. A) entered into between Plaintiff and Defendant on October 30, 2002.

4. That this action is stayed pending the outcome of the arbitration between Plaintiff and Defendant. Plaintiff shall notify the Court that arbitration is complete within 20 days of its completion.

Dated this 21st day of September, 2006.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
       DEPUTY